IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HAMMER FELAN, | § | |
| | § | |
| *Plaintiff*, | § | |
| V. | § | CIVIL ACTION NO. SA-24-CA-01343-FB |
| | § | |
| JIM PRZYBYLSKI, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 39) concerning Defendant Jim Przybylski's ("Defendant") Motion for Summary Judgment on Qualified Immunity (ECF No. 23), along with Plaintiff Hammer Felan's ("Plaintiff") written objections (ECF No. 41) thereto and Defendant's response (ECF No. 42) to Plaintiff's objections.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit.

The following facts are undisputed. Plaintiff filed this suit against Defendant, a constable with the Medina County Sheriff's Office, asserting an excessive force claim pursuant to 42 U.S.C. § 1983. On November 23, 2002, Defendant was driving his patrol car in pursuit of Plaintiff, who was fleeing arrest on his motorcycle. The pursuit ended in a collision between the patrol car and the motorcycle that caused Plaintiff to fly off his motorcycle. Although Plaintiff alleges that Defendant intentionally struck him, Defendant denies this.

Defendant argues that he is entitled to qualified immunity because his use of force was not intentional and, alternatively, neither excessive nor unreasonable under the circumstances. He also asserts that his conduct did not violate clearly established law. United States Magistrate Judge Elizabeth S. Chestney recommends granting Defendant's motion for summary judgment under the second prong of the qualified-immunity defense. Because Plaintiff cannot show that Defendant violated clearly established law, the report also concludes that this Court need not reach the issue of whether Plaintiff's constitutional rights were violated.

Qualified immunity shields federal and state officials from individual liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Although a case "directly on point" is not required to defeat the defense, existing precedent must place the challenged conduct's lawfulness "beyond debate." *District of Columbia v. Wesby*, 583 U.S. 48, 64

(2018) (quoting *al-Kidd*, 563 U.S. at 741). The burden is on the plaintiff to disprove a defendant's qualified-immunity defense. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

In his objections, Plaintiff contends, as he did to Judge Chestney, that existing precedent clearly establishes that an officer may not use deadly force against a fleeing suspect who does not pose an immediate threat of serious physical harm to officers or others: *Tennessee v. Garner*, 471 U.S. 1, 3-4 (1985); *Crane v. City of Arlington*, 50 F.4th 453, 466 (5th Cir. 2022); *Aguirre v. City of San Antonio*, 995 F.3d 395, 413 (5th Cir. 2021); *Lytle v. Bexar Cnty.*, 560 F.3d 404 (5th Cir. 2009); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 446 (5th Cir. 1998). As set forth in the report and recommendation, none of Plaintiff's cited cases provide the kind of clarity necessary to support the clearly established prong of the qualified immunity analysis:

> Several of the cases that Mr. Felan cites in support of his argument that Constable Przybylski violated clearly established law involve the death of a suspect following a police officer's use of a gun. These cases are inapposite. In *Garner*, the suspect was shot in the back of the head as he scaled a fence while fleeing—unarmed—from police officers. 471 U.S. at 3-4. In *Lytle*, an officer fired shots at the rear end of a vehicle he had been pursuing as it backed up towards his patrol vehicle, killing a passenger sitting in the backseat. 560 F.3d at 407-8. Although the officers in these cases were found to have violated clearly established law prohibiting the use of deadly force to prevent the escape of an unarmed fleeing felon, the Fifth Circuit has since clarified that "gunshot cases do not 'squarely govern[]' the facts" of a case involving a collision between a police vehicle and a suspect's vehicle." *Morrow v. Meachum*, 917 F.3d 870, 879 (5th Cir. 2019) (quoting *Mullenix v. Luna*, 577 U.S. 7, 15 (2015)). These cases are "too factually dissimilar" to put the relevant conduct "beyond debate" for purposes of qualified immunity. *Id.* (quoting *al-Kidd*, 563 U.S. at 741).
>
> The Supreme Court has also explained it has "never found the use of deadly force in connection with a dangerous car chase to violate the Fourth Amendment, let alone to be a basis for denying qualified immunity." *Mullenix*, 577 U.S. at 15. And, although Crane (2022)–another case that Mr. Felan cites–post-dates *Morrow* (2019), Mr. Felan in this case overstates what *Crane* "clearly established." In *Crane*, the Fifth Circuit found that an officer who shot an unarmed suspect, who was being held in a chokehold inside a parked car while evading arrest, violated clearly established law by using "deadly force on an unarmed man in a parked car." 50 F.4th at 467. While it is true that Mr. Felan was not holding or displaying a weapon prior to the collision, neither was he parked. Even accepting Mr. Felan's factual account, Constable Przybylski used

> his patrol vehicle to end an ongoing high-speed vehicle chase that at times exceeded 100 miles per hour and had already continued for 25 miles. The record indicates that, throughout the pursuit, there was no indication that Mr. Felan would decelerate or stop his vehicle or comply with the officers' attempt to pull him over. Mr. Felan was not under physical restraint in a parked car, nor did Constable Przybylski use a gun. Precedent therefore does not place the unlawfulness of the Constable's use of his patrol vehicle to end the pursuit "beyond debate." *Wesby*, 583 U.S. at 64.

(ECF No. 39 at 7-8).

The remaining cases Plaintiff cites in support of his contention that Defendant violated clearly established law "involve even less analogous facts." (*Id.* at 8). In *Gutierrez*, the Fifth Circuit held that an officer violated clearly established Fourth Amendment law by using excessive force against a seized suspect. 139 F.3d at 446. The suspect, who was described as "drug affected" and in a "state of excited delirium," was hog-tied and placed face down in a prone position. *Id.* at 443, 451. In *Aguirre,* the Fifth Circuit reiterated that it has "long been clearly established that, when a suspect is not resisting, it is unreasonable for an officer to apply unnecessary, injurious force against a restrained individual, even if the person had previously not followed commands or initially resisted the seizure." 995 F.3d at 416 (citing *Curran v. Aleshire*, 800 F.3d 656, 661 (5th Cir. 2015)). "Together, these cases establish that the use of hog-tie like restraints may amount to deadly force under specific circumstances, and there is a clearly established Fourth Amendment right to be free from the use of such deadly force when the officer lacks probable cause to believe deadly force is necessary to lessen a threat of death or serious bodily injury." (ECF No. 39 at 9) (internal quotations omitted). Here, because Plaintiff has not directed the Court to precedent that places the unlawfulness of Defendant's challenged conduct beyond debate, Defendant is entitled to qualified immunity. *See Club Retro*, 568 F.3d at 194.

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (ECF No. 39) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendant

Jim Przybylski's Motion for Summary Judgment on Qualified Immunity (ECF No. 23) is GRANTED and Plaintiff's claims are DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's Unopposed Motion to Withdraw Attorney Breanta Boss as Counsel (ECF No. 43) is GRANTED such that Ms. Boss is allowed to withdraw as counsel for Plaintiff. Attorneys James Roberts and Scott Palmer will remain in their capacity as counsel for Plaintiff.

IT IS FINALLY ORDERED that remaining motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 28th day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE